UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CRUDUP,

          Plaintiff,

   v.

PLEASANT VALLEY STATE PRISON,
et al.,

          Defendants.

No.  2:16-cv-2748 MCE DB P

ORDER

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Plaintiff alleges that he was diagnosed with Valley Fever in 2005 while at Pleasant Valley State Prison and that he has suffered from it over the intervening years. (ECF No. 1.)  Plaintiff seeks monetary damages for his pain and suffering, as well as better medical care.  (Id.)  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening.

      For the reasons set forth the below, the court grants plaintiff's motion to proceed in forma pauperis but dismisses plaintiff's complaint with leave to amend.

## IN FORMA PAUPERIS

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF Nos. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. The court must explain to the plaintiff any deficiencies in his complaint and accord plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

## II.    Discussion

Plaintiff's brief complaint states that he was diagnosed with Valley Fever on July 25, 2005 while at Pleasant Valley State Prison.  (ECF No. 1 at 6.)  According to plaintiff, he is being treated for the chronic condition, but it has been a painful process and he is facing the possibility of amputation of his legs.  (Id.)  Plaintiff requests relief for his pain and suffering, as well as "full medical attention[,] . . . not to be patched up."  (Id. at 5-6.)  Plaintiff names Pleasant Valley State Prison and the California Department of Corrections and Rehabilitation as defendants.

### A.    Improper Defendants

First, plaintiff's complaint is deficient, as it fails to identify a proper party for relief.  The Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state agencies (such as the California Department of Corrections and Rehabilitation) and individual prisons (such as Pleasant Valley State Prison), absent "a waiver by the state or a valid congressional override . . . ."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies."  See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ."  Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009).  "However, under Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]"  Fireman's Fund, 302 F.3d at 957 n. 28 (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, (1997) (citing Ex Parte Young, 209 U.S. at 123).  In any amended complaint that he may file, plaintiff should carefully consider whom he may properly name as a defendant in this action.

////

## B.     Valley Fever Cases

Next, plaintiff's claim regarding his exposure to Valley Fever arises under the Eighth Amendment also fails.  To state a claim under the Eighth Amendment for inhumane conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010).  "Deliberate indifference describes a state of mind more blameworthy than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  Farmer, 511 U.S. at 835.  Plaintiff must demonstrate first that the seriousness of the risk was obvious or provide other circumstantial evidence that defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk.  Lemire v. Calif. Dep't of Corrs. and Rehab., 726 F.3d 1062, 1078 (citing Thomas, 611 F.3d at 1150).

To state a § 1983 claim for deliberate indifference, plaintiff must describe each defendant's conduct and show how it resulted in a violation of his Eighth Amendment rights.  Supervisory personnel are not liable for the actions of their subordinates under § 1983.  See Taylor v. List, 880 F.2d 1040, 1045-46 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983." (Citation omitted.)).  Further, a prison official's processing of an inmate's appeals, without more, cannot serve as a basis for § 1983 liability.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." (Citation omitted.)); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); see, e.g., Todd v. Calif. Dept. of Corr. and Rehab., 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [ ] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure" (quoting Ramirez, 334 F.3d at 860)).

Furthermore, this court is aware that this district has addressed the cognizability of claims such as plaintiff's, numerous times over the last several years, with varying results.  A number of

judges in this district have rejected prisoners' similar claims at the screening stage, including in cases in which the prisoners contracted Valley Fever.  See, e.g., Sermeno v. Montery County Sup. Ct., No. 1:17-cv-0036 JLT (PC), 2017 WL 117890, at *4 (E.D. Cal. Jan. 12, 2017); Ronje v. Kramer, No. 1:15-cv-1753 LJO-BAM (PC), 2016 WL 7116721, at *5 (E.D. Cal. Dec. 6, 2016); Fields v. Beard, 1:15-cv-0666 DAD DLB PC, 2016 WL 733824, at *6 (E.D. Cal. Feb. 24, 2016); Williams v. Biter, No. 1:14-cv-2076 AWI GSA PC, 2015 WL 1830770, at *3 (E.D. Cal. Apr. 9, 2015); Hines v. Youssef, No. 1:13-cv-0357-AWI-JLT, 2015 WL 164215, at *4 (E.D. Cal. Jan. 13, 2015).  Those judges relied on the following statement:  "Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm."  See, e.g., Fields, 2016 WL 733824, at *6.

However, in Beagle v. Schwarzenegger, 107 F. Supp. 3d 1056 (E.D. Cal. 2014), Judge O'Neil recognized that the Ninth Circuit Court of Appeals indicated that allegations such as plaintiff's herein should state an Eighth Amendment claim.   In two cases, the Ninth Circuit reversed findings that a plaintiff's Valley Fever exposure claim was not cognizable.  In Johnson v. Pleasant Valley State Prison, 505 Fed. Appx. 631 (9th Cir. 2013), the court held that the prisoner's allegation "that prison officials were aware that inmates' exposure to valley fever posed a significant threat to inmate safety yet failed to take reasonable measures to avoid that threat" was sufficient to survive screening under the "low threshold requirements of 28 U.S.C. § 1915A." See also Smith v. Schwarzenegger, 393 Fed. Appx. 518 (9th Cir. 2010).  In light of Johnson and Smith, Judge O'Neil held plaintiffs' assertions that defendants knowingly placed inmates in prisons where Valley Fever was already occurring at epidemic rates and failed to implement even rudimentary measures to protect the plaintiffs was sufficient to state Eighth Amendment claims. Beagle, 107 F. Supp. 2d at 1069.

Later, however, in the class action Jackson v. Brown, 134 F. Supp. 3d 1237 (E.D. Cal. 2015), Judge O'Neil found defendants were entitled to qualified immunity.  He held the same in a number of related cases, including the Beagle case, filed under the name Smith v. Schwarzenegger, 137 F. Supp. 3d 1233 (E.D. Cal. 2015).  Jackson and Smith have been appealed

and the cases are proceeding in the Ninth Circuit under the name <u>Smith v. Schwarzenegger</u>, No. 15-17155 (appeal filed Oct. 28, 2015). Oral argument in that case was set for May 17, 2017.

Based on the authority above, plaintiff's complaint appears to fall into the category of the numerous cases dismissed for failure to state a cognizable claim based upon Valley Fever. Specifically, the complaint only alleges that plaintiff contracted Valley Fever while in prison and that he has suffered because of that. Unlike <u>Jackson</u> and <u>Smith</u>, plaintiff does not allege that a defendant knowingly placed him at risk of Valley Fever or that a defendant failed to take certain measures to ensure that plaintiff as a susceptible individual was not exposed. As currently stated, plaintiff only alleges "confinement in a location where Valley Fever is prevalent," which is insufficient "to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm." <u>See, e.g.</u>, <u>Fields</u>, 2016 WL 733824, at *6.

Accordingly, plaintiff's complaint must be dismissed for failure to state a cognizable claim. However, the court will grant plaintiff the opportunity to file an amended complaint, which names appropriate defendant(s) and states a cognizable claim concerning plaintiff's diagnosis with Valley Fever.

**AMENDING THE COMPLAINT**

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. <u>See</u> Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, his prior pleading is superseded.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed without prejudice.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint.

////

////

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: October 5, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL.RIGHTS / crud.2748.scrn