UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CRUDUP,

    Plaintiff,

    v.

PLEASANT VALLEY STATE PRISON, et al.,

    Defendants.

No. 2:16-cv-2748 MCE DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that he was diagnosed with Valley Fever in 2005 while at Pleasant Valley State Prison and that he has suffered from it over the intervening years. (ECF No. 1.) Presently before the court is plaintiff's amended complaint (ECF No. 10) for screening. For the reasons set forth below the court will dismiss the amended complaint and give plaintiff leave to amend.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

1

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

2

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Amended Complaint**

Plaintiff alleges the events giving rise to his claim occurred while he was housed at Pleasant Valley State Prison ("PVSP"). (ECF No. 10 at 2.) Plaintiff names as defendants (1) Governor Edmond Brown; (2) Donna Lewis, former warden; (3) Scott Frauenheim, current PVSP warden; and (4) Jeffery Wang, Chief Medical Officer.

Plaintiff alleges he was transferred to PVSP on July 27, 2005. (Id. at 4.) He states he became ill in December 2005. He was diagnosed with Coccidioidomycosis pneumonia, commonly known at Valley Fever, on January 24, 2006. Plaintiff states his condition was undiagnosed and misdiagnosed for months. He further claims that "all staff" at PVSP were aware of the damage Valley Fever would cause his body, but failed to transfer him to a different institution. He claims governor Schwarzenegger had the authority to move all African American and Filipino inmates from the facility, but failed to do so.

Plaintiff alleges Donna Lewis was the Warden at PVSP from 2005 to 2010 and Frauenheim was the acting warden during the same time period. (ECF No. 10 at 5.) He claims Lewis and Frauenheim were both aware "of a substantial risk from the very fact that the risk was obvious in this prison." Plaintiff alleges PVSP was ordered to move all African American and Filipino inmates from the facility in 2008, but plaintiff was so ill he could not be moved until

////

3

2010. He states that due to the negligence of both wardens, Governor Schwarzenegger's administration, and the medical staff plaintiff suffered.

Plaintiff claims that while he was housed at PVSP Jeffery Wang was the Chief Medical Officer in charge of all the doctors working under him. (ECF No. 10 at 6.) He claims because of the high incident rate of Valley Fever between 2000 and 2010 the failure to properly diagnose plaintiff amounted to deliberate indifference. He claims the doctors at PVSP failed to adequately treat plaintiff because they were aware of the Valley Fever epidemic that had been taking place there for years.

### III. Failure to State a Claim

The court dismissed plaintiff's original complaint because the defendants identified in the original complaint were both immune from suit under the Eleventh Amendment. (ECF No. 8.) Plaintiff may state an Eighth Amendment claim based on allegations "that prison officials were aware that inmates' exposure to valley fever posed a significant threat to inmate safety yet failed to take reasonable measures to avoid" the threat. Johnson v. Pleasant Valley State Prison, 505 Fed. Appx. 631 (9th Cir. 2013). While plaintiff has identified defendants, who may be subject to suit in the amended complaint, for the reasons set forth below he has not set forth sufficient facts to state a cognizable claim.

#### 1. Linkage Requirement

Plaintiff sets forth the positions held by the defendants, but does not state any facts showing that how the defendants were involved in the violation of his rights. To the extent plaintiff seeks to hold the defendants liable based solely upon their supervisory roles, he may not do so.

Under § 1983, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2004). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the

4

supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citations omitted); Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's vague and general allegations that defendant Schwarzenegger could have transferred all African American and Filipino[1] inmates, that defendants Lewis and Frauenheim "knew of a substantial risk," and that Wong was responsible for the actions of all the doctors at PVSP do not show that these defendants were personally involved in the violation of his rights. Nor has plaintiff identified any policy sufficient to impose liability on any of the named defendants. In order to state a claim plaintiff must allege specific facts explaining how each defendant's action or inaction led to the alleged constitutional violations. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

**2. Eighth Amendment**

Plaintiff's allegations that the unnamed doctors at PVSP were deliberately indifferent for failing to accurately diagnose his condition immediately is not sufficient to state an Eighth Amendment claim.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

---

[1] Plaintiff does not state that he is a member of either group.

5

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff has alleged that defendants were negligent because they misdiagnosed his Valley Fever as pneumonia based on some of his symptoms. Allegations that prison medical officials were negligent do not state a claim under the Eighth Amendment. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff has not stated any allegations indicating prison medical staff failed to respond to any medical need, only that they negligently failed to correctly diagnose his Valley Fever initially. Accordingly, plaintiff has not stated sufficient facts to support an Eighth Amendment claim for deliberate indifference to his medical needs.

**IV.  Amending the Complaint**

As set out above, plaintiff's amended complaint fails to state a cognizable claim and he will be given the opportunity to amend the complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named

defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."
3. Failure to comply with this order will result in a recommendation that this action be dismissed.
4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: November 15, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/crud2748.scrn2