UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CRUDUP,

Plaintiff,

v.

PLEASANT VALLEY STATE PRISON, et al.,

Defendants.

No. 2:16-cv-2748 MCE DB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that he was diagnosed with Valley Fever in 2005 while at Pleasant Valley State Prison and that he has suffered from it over the intervening years. Presently before the court is plaintiff's second amended complaint (ECF No. 15) for screening. For the reasons set forth below, the court will recommend that this action be dismissed with prejudice.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

1

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

2

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Background**

By order dated October 6, 2017, the court screened and dismissed plaintiff's original complaint for failure to state a claim. (ECF No. 8.) The court found that plaintiff failed to identify a proper defendant. Plaintiff had identified Pleasant Valley State Prison and the California Department of Corrections and Rehabilitation as defendants. However, both entities are immune from suit under the Eleventh Amendment. (ECF No. 8 at 3.) Plaintiff was also informed of the standards for stating a claim under the Eighth Amendment regarding his exposure to Valley Fever. (ECF No. 8 at 4.)

Upon screening plaintiff's first amended complaint, the court found that plaintiff had failed to allege sufficient facts to show an Eighth Amendment violation or that any named defendant was involved in the alleged rights violation. However, plaintiff was given the opportunity to amend the complaint. (ECF No. 12.)

**III.     Allegations in the Second Amended Complaint**

Plaintiff alleges the events giving rise to his claim occurred while he was housed at Pleasant Valley State Prison ("PVSP"). (ECF No. 15 at 1.) Plaintiff names as defendants (1) California Department of Corrections and Rehabilitation ("CDCR"); and (2) California Department of Corrections and Rehabilitation's medical division. (Id. at 3.)

////

Plaintiff claims he was transferred to PVSP on July 27, 2005. (Id. at 4.) He claims that by December he began to experience severe, flu-like symptoms. He alleges that unnamed PVSP medical staff ignored his flu-like symptoms. He further claims he had difficulty breathing, coughed up and vomited up blood, and suffered substantial weight loss. Plaintiff claims he was misdiagnosed with pneumonia and the medication prescribed to treat it caused him to suffer side effects. On January 24, 2006, plaintiff was seen by doctors Benyamin and Deguchi and was diagnosed with Coccidioidomycosis pneumonia, commonly known at Valley Fever. Plaintiff further claims that custody staff would not transfer him for "a very long time" after it was confirmed that he had Valley Fever. Plaintiff further claims that "knowing how susceptible African-Americans and Filipinos are to Valley Fever, plaintiff should never have been sent to PVSP."

Plaintiff claims he has been in constant pain to this day, has to have "daily leg wraps," cannot walk without the assistance of a cane, and has difficulty breathing. He seeks compensatory and punitive damages and an order barring African-American and Filipino inmates from placement at PVSP. (Id. at 7.)

### IV. Failure to State a Claim

Plaintiff's second amended complaint fails to state a claim because the only defendants named in the complaint are immune from suit and plaintiff is not entitled to prospective injunctive relief. Additionally, further amendment would be futile based on a recent ruling by the Ninth Circuit.

### A. Proper Defendant

Plaintiff has identified only CDCR and the CDCR's medical division as defendants. The Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state agencies, absent "a waiver by the state or a valid congressional override . . . ." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). The CDCR and its various divisions are entitled to Eleventh Amendment immunity from suit. See Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989) (dental department of state prison part of state Department of Corrections and immune from § 1983 actions.)

**B. Injunctive Relief**

Plaintiff also seeks an order preventing African-American and Filipino inmates from being placed in PVSP or Avenal State Prison. However, it is not entirely clear from the face of the complaint whether plaintiff belongs to either of those groups.

"The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." Dittman, 191 F.3d at 1025-26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009). "However, under Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]" Fireman's Fund Ins. Co. v. City of Lodi, California, 302 F.3d 928, 957 n.28 9th Cir. (2002) (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997) (citing Ex Parte Young, 209 U.S. at 123).

While the Eleventh Amendment does not bar this action to the extent plaintiff seeks an order preventing certain inmates from future placement at PVSP or Avenal State Prison, such relief is not available. Plaintiff is not entitled to such an order as it relates to him individually, because it is well settled that prisoners have no right to placement in any particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Plaintiff also may not seek relief on behalf of other inmates because he lacks the representative capacity to file motions and other documents on behalf of other prisoners. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue a claim on behalf of others in a representative capacity).

**C. Qualified Immunity**

The Ninth Circuit recently held in Hines v. Youseff, 914 F.3d 1218, 1229 (9th Cir. 2019), that prison officials are entitled to qualified immunity on claims under the Eighth Amendment based on inmates' contracting Valley Fever after placement in prisons in the Central San Joaquin

Valley. Based on the Ninth Circuit's holding, plaintiff's claim under the Eighth Amendment should be dismissed. See Mena v. Kernan, No. 1:18-cv-1190 JLT (PC), 2019 WL 448277 at *3 (E.D. Cal. Feb. 5, 2019) (recommending dismissal on screening of plaintiff's Eighth Amendment claim where plaintiff alleged he contracted Valley Fever after transfer to PVSP). Even if plaintiff were granted leave to amend any defendant or defendants he could name would be entitled to qualified immunity.

## V. No Leave to Amend

The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). Accordingly, the court will recommend that the second amended complaint be dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The second amended complaint (ECF No. 15) be dismissed without leave to amend for failure to state a potentially cognizable claim; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2019

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/crud2748.scrn3

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

6